IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROSEMARY PERDUE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CASE NO. 2:11cv1005-WKW |
| | ) |
| ALABAMA DEPARTMENT OF | ) |
| PUBLIC SAFETY, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff filed her initial Complaint (Doc. #1) alleging discrimination in violation of the Americans with Disabilities Act ("ADA"). This case was then referred to the undersigned Magistrate Judge "for all pretrial proceedings and entry of any orders or recommendations as may be appropriate." Order (Doc. #3). In answer to the Complaint, Defendants filed a Motion for a More Definite Statement (Doc. #11) and Brief in Support (Doc. #12). The court granted Defendants' Motion, ordering Plaintiff to file an Amended Complaint. Order (Doc. #20). After receiving an extension of time, Plaintiff filed an Amended Complaint (Doc. #24), in which she alleges discrimination in violation of Title VII of the Civil Rights Act ("Title VII"), the ADA, and the Rehabilitation Act of 1973. Defendants now move the court to dismiss the Amended Complaint, for failure to state a claim, or in the alternative, order Plaintiff to file a more definite statement. Mot. (Doc. #25) and Brief in Supp. (Doc. #26).

For the reasons that follow, it is the RECOMMENDATION of the undersigned that Defendants' Motion to Dismiss be GRANTED in PART and DENIED in part.

## I. STANDARD OF REVIEW

Defendants have moved the court to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure. "Under [Rule 12(b)(6)], whether a plaintiff failed to state a claim upon which relief can be granted must be ascertained from the face of the complaint." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1266 n.11 (11th Cir. 1997). Generally, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *In re Johannessen*, 76 F.3d 347, 349 (11th Cir. 1996). In considering a motion pursuant to Rule 12(b)(6), the court must "accept the facts of the complaint as true and view them in the light most favorable to the nonmoving party." *Magluta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004).

## II. DISCUSSION

### A. *Individual Defendants*

Plaintiff has filed suit against her former employer, the Alabama Department of Public Safety and several of its employees. Defendants seek dismissal of all the individual defendants, because "all of the statutes that Plaintiff alleges were violated provide for relief against employers, not individual employees." Def.'s Brief in Supp. (Doc. #26) at 9. (citing *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("The relief granted under Title

2

VII is against the employer, not individual employees whose actions would constitute a violation of the act."); *see Pritchard v. Southern Co. Servs.*, 102 F.3d 1118, 1119 (11th Cir. 1996) (affirming dismissal of all ADA and Rehabilitation Act claims against individual defendants because the "[p]laintiff's remedy for any discrimination she may have suffered on account of her disability lies against her employer, not individual officers of her employer"); *see Cohn v. Keyspan Corp.*, 713 F. Supp. 2d 143, 154 (E.D.N.Y 2010) ("Individuals may not be sued in their individual or personal capacity under the ADA or Rehabilitation Act."); and *see Mason v. Stallings*, 82 F.3d 1007, 1009 (11th Cir. 1996) (holding ADA does not provide for individual liability). The court agrees. Plaintiff's claims are made pursuant to Title VII of the Civil rights Act of 1965, the Americans with Disabilities Act, and the Rehabilitation Act of 1973, and all of these claims are properly brought against her employer and not its employees. Accordingly, Plaintiff's claims against the individual Defendants, Marc McHenry, Shaundra Morris, Hugh McCall, Kevin Wright, Steve Dixon, Bobby Head, and Herman Wright, are due to be dismissed.

### B.  *Alabama Department of Public Safety*

Defendants also move for the dismissal of the DPS as a party because "Plaintiff separated her Complaint into sections titled after the names of the individuals named as defendants. (Document 24). None of those sections contain counts against DPS. (Document 24)." Def.'s Brief in Supp. (Doc. #26) at 9  While Defendants may be technically correct - that Plaintiff fails to specify DPS within the individual counts - she names DPS as a

defendant and then specifies within the Amended Complaint the facts and circumstances surrounding her allegations, naming individual employees of DPS that she alleges engaged in discrimination. As Plaintiff's suit is properly against her employer and not the individual defendants, *see supra*, the fact that she named DPS as a defendant and named the individual employees of DPS when specifying the facts in support of her claims is sufficient for the statement of a claim against DPS. Accordingly, Defendants' motion to dismiss as to DPS is due to be denied.

### C.     *Defendants' Other Bases for Dismissal*

Defendants also argue that the Complaint and Amended Complaint are due to be stricken/dismissed under Rule 12(e) or dismissed under Rule 41(b), as: "The Amended Complaint Violates Rule 8 and this Court's Order by Being Replete with Long, Convoluted, and Indirect Allegations;" "The Amended Complaint Violates This Court's Order Requiring Separate Counts for Each Claim Founded on a Separate Transaction or Occurrence;" and "The Amended Complaint Violates Rule 10(b) and this Court's Order by containing unnumbered and misnumbered paragraphs." Def.'s Brief in Supp. (Doc. #26) at 12-14.

Essentially, the arguments raised by Defendants center around whether Plaintiff has at least properly stated a claim for unlawful discrimination and/or retaliation under Title VII, the ADA, and the Rehabilitation Act. In reviewing the Amended Complaint, the Court is mindful of the requirement that the pleadings of *pro se* litigants are to be "liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 63 (11th Cir. 1998). Furthermore,

the Supreme Court has rejected any form of heightened pleading standard in Title VII. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007) (reaffirming relevant portion of *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 515 (2002) and commending district court's recognition that a "heightened pleading standard for Title VII cases was contrary to the Federal Rules' structure of liberal pleading requirements."). The United States Court of Appeals for the Eleventh Circuit has weighed in on the issue, post *Twombly*, stating "[t]he point is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 516 (11th Cir. 2008). Though hardly a model of clear, effective pleading, the court finds that some of Plaintiff's allegations state a claim of unlawful employment discrimination and/or retaliation. The court is confident that the Amended Complaint puts DPS on notice of Plaintiff's claims. Neither does the court find necessary Defendants' alternative request for another more definite statement. The factual allegations made within the Amended Complaint, despite the lack of numbered paragraphs, are sufficient to allow DPS to answer and proceed with this case. Accordingly, the court recommends that Defendants' request that the case be dismissed as to DPS be denied.

## II.   CONCLUSION

For the reasons specified above, the Magistrate Judge RECOMMENDS that Defendants' Motion to Dismiss (Doc. #25) be GRANTED as to Defendants Marc McHenry, Shaundra Morris, Hugh McCall, Kevin Wright, Steve Dixon, Bobby Head, and Herman

Wright, and DENIED as to Defendant Alabama Department of Public Safety. It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation by **May 24, 2012**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th day of May, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE