IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROSEMARY PERDUE,                    )
                                    )
          Plaintiff,                )
                                    )
     v.                             )     CASE NO. 2:11-CV-1005-WKW
                                    )
ALABAMA DEPARTMENT OF               )
PUBLIC SAFETY, MARC W.              )
McHENRY, HUGH B. McCALL,            )
KEVIN WRIGHT, SHAUNDRA              )
MORRIS, STEVE DIXON, BOBBY          )
HEAD, and HERMAN WRIGHT,            )
                                    )
          Defendants.               )

**<u>ORDER</u>**

On May 10, 2012, the Magistrate Judge filed a Report and Recommendation

(Doc. # 27) regarding Defendants' Motion to Dismiss or in the Alternative Motion for

a More Definite Statement (Doc. # 25).  Defendant Alabama Department of Public

Safety ("DPS") filed a timely objection to the Report and Recommendation.  (Doc. #

28.)  The court reviews *de novo* the portion of the Recommendation to which the

objection applies.  28 U.S.C. § 636(b)(1).  For the reasons that follow, the objection

is due to be overruled and the Recommendation adopted.

DPS does not object to the Magistrate Judge's recommendation regarding

disposition of its motion to dismiss.  DPS only objects to the Magistrate Judge's

recommendation to deny Defendants' motion for a more definite statement.  DPS

argues that Plaintiff has not followed the Federal Rules of Civil Procedure in filing her

Amended Complaint, and that this "create[s] an undue burden on DPS in answering

the Amended Complaint . . . ."

Plaintiff's amended complaint is not a "shot gun pleading," where DPS cannot

frame a responsive pleading due to the complaint's "failure to identify claims with

sufficient clarity."  *Beckwith v. Bellsouth Telecomms., Inc.*, 146 F. App'x 368, 371

(11th Cir. 2005) (*per curiam*) (citing *Byrne v. Nezhat*, 261 F.3d 1075, 1129–30 (11th

Cir. 2001)).  Plaintiff organizes her complaint in an outline format (using headings

and tabs) – first organizing by Defendant, and then listing the claims against each

defendant.  Beneath each claim, Plaintiff lists the factual allegations intended to

support that claim in chronological order.  While the complaint does not use numbered

paragraphs, the complaint is organized and detailed so as to provide DPS with "fair

notice of what the claim[s are] and the grounds upon which [they] rest."  *Davis v.

Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008) (quoting *Bell

Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)).

Accordingly, it is ORDERED that:

1.     DPS's objection (Doc. # 28) is OVERRULED;

2.     the Recommendation of the Magistrate Judge (Doc. # 27) is ADOPTED;

2

3.      Defendants' Motion to Dismiss (Doc. # 25) is GRANTED as to

Plaintiff's claims against the individual Defendants Marc W. McHenry,

Hugh B. McCall, Kevin Wright, Shaundra Morris, Steve Dixon, Bobby

Head, and Herman Wright;

4.      Defendants' Motion to Dismiss (Doc. # 25) is DENIED as to Plaintiff's

claims against Defendant DPS;

5.      Defendants' Motion for a More Definite Statement (Doc. # 25) is

DENIED; and

6.      this case is REFERRED back to the Magistrate Judge for further

proceedings on Plaintiff's claims.

DONE this 4th day of June, 2012.

_____/s/ W. Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE