IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROSEMARY PERDUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:11-CV-1005-WKW |
| ) | [WO] |
| ALABAMA DEPARTMENT OF ) | |
| PUBLIC SAFETY, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

On August 5, 2013, the Magistrate Judge filed a Report and Recommendation (Doc. # 67) recommending that the court grant Defendant's motion for summary judgment (Doc. # 53). Plaintiff timely objected. (Docs. # 69–70.) The court reviews *de novo* the portion of the Recommendation to which the objection applies. 28 U.S.C. § 636(b)(1). After careful and *de novo* review of the parties' arguments (*see* Docs. # 53–57, 69–70) and the relevant law, the Recommendation is due to be adopted.

The Magistrate Judge found that: (1) Plaintiff did not establish a *prima facie* claim of gender discrimination under Title VII, 42 U.S.C. § 2000e-2(a)(1); (2) the Eleventh Amendment barred Plaintiff's claim under the Americans with Disabilities Act, 42 U.S.C. § 12112(a); (3) Plaintiff did not establish that the requested accommodations were reasonable and related to a cognizable disability, as required

for a claim under the Rehabilitation Act, 29 U.S.C. §§ 791, 794; and (4) any claim of retaliation under the False Claims Act pursuant to 31 U.S.C. § 3730 was not properly before the court and was barred by the statute of limitations.

Plaintiff's objection does not undermine those conclusions, and *de novo* review of the record confirms it. Plaintiff's objection focuses on the Rehabilitation Act claim and argues that the accommodations requested by Plaintiff were related to her disability.[1] The court has and must construe *pro se* pleadings liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]" (internal quotations omitted)). Despite the benefit of a liberal construction, Plaintiff's objection does not remedy the deficiencies of her argument opposing summary judgment.

For example, Plaintiff cites authority that late arrival can be a reasonable accommodation for a qualifying employee, (Docs. # 70-7, 70-9), and argues Defendant should have allowed her a more flexible schedule. But she makes no showing that her disabilities – attention deficit/hyperactivity disorder and depression – necessitated the accommodations identified and that those accommodations were

---

[1] Plaintiff's objection does not address the Magistrate Judge's findings regarding her claims under Title VII, the ADA, or the False Claims Act.

reasonable. *See Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1286 (11th Cir. 1997) ("[T]he burden of identifying an accommodation that would allow a qualified individual to perform the job rests with that individual, as does the ultimate burden of persuasion with respect to demonstrating that such an accommodation is reasonable."). If anything, the logical conclusion of Plaintiff's argument is that evening household responsibilities preventing an appropriate bedtime and morning family obligations led to her late arrival at work. She has not carried her summary judgment burden of persuasion in linking the proposed accommodations to her disability and showing that they are reasonable in light of that disability.

Accordingly, it is ORDERED that:

1. The Recommendation of the Magistrate Judge (Doc. # 67) is ADOPTED;

2. Defendant's motion for summary judgment (Doc. # 53) is GRANTED;

A separate judgment shall issue.

DONE this 28th day of August, 2013.

                                                   /s/ W. Keith Watkins
                                      CHIEF UNITED STATES DISTRICT JUDGE